An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RIVER GLIDER AVE TRUST,
Appellant,
vs.
BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK, AS
TRUSTEE OF THE CERTIFICATE
HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2006-
24CB, MORTGAGE PASS-THROUGH
CERTIFICATES,
Respondent.

No. 63077

FILED

NOV 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER VACATING AND REMANDING

This is an appeal from a district court order denying a preliminary injunction in a quiet title action. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

The district court denied appellant's motion for a preliminary injunction, finding that "basic fundamentals of fairness require [(1)] an HOA to give notice to first mortgage holders that its super-priority lien will wipe out the first mortgagee's lien rights and [(2)] the HOA must further afford the first mortgage holder an opportunity to payoff the super-priority lien amounts claimed by the HOA." Based on its determination that neither of these criteria is satisfied under NRS Chapter 116's scheme, the district court concluded that appellant could not demonstrate a reasonable likelihood of success on the merits in its quiet title action.

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, ___, 334 P.3d 408, 418 (2014), notes that NRS 116.31162 through NRS 116.31168 require a homeowners' association to provide notice before proceeding with a foreclosure sale and that unpaid monthly "dues will typically comprise most, perhaps even all,

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37793

of the HOA lien." Here, appellant's complaint alleged that the foreclosure sale was conducted pursuant to NRS Chapter 116, and the record is silent as to whether respondent was sent the notices referenced in NRS 116.31162 through NRS 116.31168. The record is likewise silent as to whether respondent attempted to pay off Southern Highlands Community Association's lien before Southern Highlands' foreclosure sale. Thus, we conclude that it was improper for the district court to base its denial of injunctive relief on its two aforementioned findings. We therefore

VACATE the order denying preliminary injunctive relief and REMAND this matter to the district court for further proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]The injunction imposed by our June 18, 2013, order is vacated.

cc: Hon. Allan R. Earl, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Miles, Bauer, Bergstrom & Winters, LLP
Eighth District Court Clerk